UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RICHARD B. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-316-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 18]. Now before the Court is the Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 19 & 20] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 21 & 22]. Richard B. Johnson ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **GRANT IN PART** the Plaintiff's motion, and **DENY** the Commissioner's motion.

**I.  PROCEDURAL HISTORY**

On August 20, 2012, the Plaintiff filed an application for disability insurance benefits and supplemental security income, claiming a period of disability which began September 1, 2005. [Tr. 197, 201]. After his application was denied initially and upon reconsideration, the Plaintfif

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

requested a hearing before an ALJ. [Tr. 106]. Following a hearing, the ALJ found that the Plaintiff was "not disabled" on October 3, 2017. [Tr. 11-25]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-6], and the ALJ's decision became the final decision of the Commissioner.

After exhausting his administrative remedies, the Plaintiff filed a Complaint with this Court on June 10, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication. Having considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record, the Court finds that the medical history of the Plaintiff and the content of the ALJ's decision are not in dispute, and need not be repeated here.

## II.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner and whether the ALJ's findings are supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different

2

conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

### III. ANALYSIS

The Plaintiff challenges the ALJ's residual functional capacity ("RFC") determination, contending that it is not supported by substantial evidence based on the opinion evidence of record. [Tr. 20 at 7-11]. "The determination of a claimant's [RFC] is a determination based upon the severity of his medical and mental impairments." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Therefore, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. Feb. 9, 2007).

The ALJ is responsible for making an RFC determination after reviewing all the relevant evidence in the record. *Rudd v. Comm'r of Soc. Sec.*, No. 12-6136, 2013 WL 4767020, at *8 (6th Cir. Sept. 5, 2013). This includes a review of both medical and non-medical evidence. *Poe v.*

3

*Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. Aug. 18, 2009). A court will not disturb an ALJ's RFC determination so long as the finding is supported by substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

In the disability determination, the ALJ found that the Plaintiff has the RFC to perform a full range of sedentary work. [Tr. 19]. The physical exertional demands of sedentary work require "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.1567(a). In this regard, a full range of sedentary work requires that a claimant be able to stand and walk for approximately two hours and remain seated for approximately six hours in an eight-hour workday. Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *6 (July 2, 1996).

Concluding that the Plaintiff has an RFC for a full range of sedentary work, the ALJ relied on the medical opinions of consultative examiners Raymond Azbell M.D., and Christopher Brooks M.D., and two non-examining state agency physicians. [Tr. 19-20]. Dr. Azbell opined that the Plaintiff could lift 10 pounds frequently and 20 pounds occasionally, carry 10 to 15 pounds occasionally, sit for about one hour at one time, stand and walk for 30 to 45 minutes at one time, slowly climb stairs, but never ladders or scaffolds, and occasionally balance. [Tr. 259]. Dr. Brooks opined similar limitations, observing that the Plaintiff could walk for 20 minutes, stand for 45 minutes, sit for one hour, and lift up to 25 pounds. [Tr. 302].

The non-examining state agency physicians opined similar lifting and carrying restrictions but less restrictive standing, walking, and sitting limitations. Specifically, the state agency physicians opined that the Plaintiff could carry and lift 20 pounds occasionally and 10 pounds frequently, but the Plaintiff could stand and/or walk six hours and sit for six hours. [Tr. 48-49,

4

82]. Many of the state agency physicians' postural limitations also mirrored Dr. Azbell's limitations in that the Plaintiff could frequently climb, but never ladders, ropes, or scaffolds, occasionally balance and crawl, and frequently stoop, kneel, and crouch. [Tr. 49, 83]. In addition, the first state agency physician opined that the Plaintiff had environmental restrictions against concentrated exposure to extreme cold or heat and hazards such as machinery or heights [Tr. 50] while the second state agency physician similarly found environmental restrictions against hazards but no restrictions against extreme cold or heat [Tr. 83-84].

In assessing the Plaintiff's RFC, the ALJ provided a brief discussion, almost exclusively focusing on the medical opinions of record as follows:

> In terms of the claimant's alleged impairments, while the testimony regarding his impairments is generally credible, it simply does not rise to the level of a disability under our Regulations. Two consultative examiners and the DDS assessment have found the claimant capable of generally light exertional level work, and there are no more restrictive exams in the medical evidence of record. While I give these opinions significant weight, I have further reduced the claimant's residual functional capacity to the sedentary exertional level second to his history of femur fracture, which I find limits his standing and walking to two hours in an eight-hour workday. The sedentary residual functional capacity is also an adequate accommodation for his complaints of generalized fatigue and overall weakness, whether due to his obesity or some combination of his other impairments.

[Tr. 19-20].

The Plaintiff argues that the ALJ mischaracterizes the opinion of Dr. Azbell as generally consistent with "light exertional level work" and ignores many of his limitations which are consistent with the findings made by Dr. Brooks and the state agency physicians. [Doc. 20 at 8-9]. Despite purporting to give Dr. Azbell's opinion "significant weight," the Plaintiff submits that Dr. Azbell's standing, walking, and sitting limitations, as well as his postural and environmental

restrictions, are inconsistent with the demands of a full range of sedentary work. [*Id.* at 8-10]. The Plaintiff submits that the ALJ's decision does not provide any discussion as to why these limitations, many of which are supported by the other medical opinions of record, were not incorporated into the Plaintiff's RFC despite the appearance of deferring to Dr. Azbell's opinion. [*Id.* at 9-10]. The Court agrees with the Plaintiff's allegations of errors.

As an initial matter, the Court finds that neither Dr. Azbell's or Dr. Brooks's opinions can fairly be characterized as "generally" being consistent with light work. "[A] job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). Here, Dr. Azbell and Dr. Brooks found that the Plaintiff could stand and walk for less than one hour at one time and could only sit about one hour at one time. "The major difference between sedentary and light work is that most light jobs-- particularly those at the unskilled level of complexity--require a person to be standing or walking most of the workday." Soc. Sec. Rul. 83-14, 1983 WL 31254, at *4 (Jan. 1, 1983). Neither examiner opined such standing or walking abilities consistent with light work.

Regardless, the ALJ reduced the Plaintiff's RFC to a full range of sedentary work. However, Dr. Azbell's and Dr. Brooks's standing, walking, and sitting restrictions are likewise inconsistent with a full range of sedentary work. As stated above, a full range of sedentary work requires that a claimant be able to stand and walk for approximately two hours and remain seated for approximately six hours in an eight-hour workday. Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *6 (July 2, 1996). The ALJ does not reconcile assigning "significant weight" to Dr. Azbell's and Dr. Brooks's opinions and then assessing limitations in the RFC that are greater and inconsistent with the examiners' standing, walking, and siting restrictions. The ALJ's decision essentially

assigns an RFC that falls somewhere in the middle of the more restrictive opinions of the consultative examiners and the less restrictive opinions of the state agency physicians without any meaningful discussion of the medical opinions, or the other medical and non-medical evidence of record for that matter, that would make clear to a subsequent reviewer the "how" and "why" the ALJ determined that the Plaintiff could perform a full range of sedentary work. The only basis the ALJ provides for reducing the Plaintiff's RFC to sedentary work is the Plaintiff's "history of femur fracture, which I find limits his standing or walking to two hours in an eight-hour workday." [Tr. 19]. The ALJ, however, does not explain why the Plaintiff's history of a femur fracture translates into an ability to stand or walk two hours, and he does not cite to any other medical or non-medical evidence that would otherwise provide a reasoned basis for reaching this conclusion.

The Court notes, however, that the postural and environmental limitations opined by Dr. Azbell and the state agency physicians, as pointed out by the Commissioner [Doc. 22 at 7] and contrary to the Plaintiff's assertions, are not inconsistent with a full range of sedentary work. Social Security Ruling 96-9p explains that "[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." 1996 WL 374185 at *8. Likewise, "few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards." *Id.* at *9. Nonetheless, because the ALJ's RFC determination is not supported by substantial evidence given the Court's foregoing discussion, the Court will remand this case for the ALJ to reconsider the Plaintiff's RFC and the medical opinions of record.

Furthermore, the Plaintiff argues that the ALJ's step five finding—that the Plaintiff can

perform other work in the national economy given his RFC [Tr. 20-21]—is not supported by substantial evidence because the ALJ did not rely on the testimony of a vocational expert in making his step five determination. [Doc. 22 at 11-13]. Because this Court has found the Plaintiff's RFC is not supported by substantial evidence, the ALJ's subsequent findings will necessitate reconsideration at steps four and five. The Court need not decide the Plaintiff's specific allegation of error—that is, whether the ALJ should have consulted vocational expert testimony at step five. On remand, the ALJ is free to solicit, if appropriate, testimony from a vocational expert with regard to whether other work exists in the national economy that the Plaintiff can perform given his RFC.

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 19**] will be **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 21**] will be **DENIED**. The decision of the Commissioner will be **REMANDED** for the ALJ to reassess the Plaintiff's RFC and reweigh each medical opinion of record, assigning each opinion a specific weight, and citing to the record with supporting evidence the reason for that weight.

ORDERED ACCORDINGLY.

_____
United States Magistrate Judge